**Moeliono KOESMO and Anastasia Dewi Tjahjadi, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 05–6273–AG.**

United States Court of Appeals, Second Circuit.

Feb. 26, 2007.

H. Raymond Fasano, New York, NY, for Petitioner.

Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Lennie A. Lehman, Assistant United States Attorney, Milwaukee, WI, for Respondent.

Present: ROSEMARY S. POOLER, BARRINGTON D. PARKER, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Moeliono Koesmo and Anastasia Dewi Tjahjadi, natives of Indonesia, seek review of October 31, 2005 order of the BIA affirming the May 20, 2004 decision of immigration judge ("IJ") Jeffrey S. Chase denying their applications for asylum and withholding of removal. *In re Moeliono Koesmo and Anastasia Dewi Tjahjadi*, Nos. A96 265 964 and A96 265 965 (B.I.A. October 31, 2005), *aff'g* Nos. A96 265 964 and A96 265 965 (Immig. Ct. N.Y. City May 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews *de novo* questions of law regarding " 'what evidence will suffice to carry an asylum applicant's burden of proof.' " *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (quoting *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003)). This Court reviews agen-

cy findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Petitioners raise no argument in their brief that the IJ erred in pretermitting their asylum claim for failing to file their asylum application within the one-year deadline. *See* 8 U.S.C. § 1158(a)(2)(B). Accordingly, the petition for review with respect to Petitioners' asylum claim is dismissed for lack of jurisdiction.[1] *See* 8 U.S.C. §§ 1252(a)(2)(B); 1252(a)(2)(D).

■ We, however, find the IJ's analysis of Petitioners' withholding of removal claim flawed. The IJ denied the claim on the basis that Petitioners had failed to demonstrate a well-founded fear of persecution if returned to Indonesia. In doing so, however, the IJ failed to determine whether Petitioners had suffered past persecution. Petitioners presented evidence that they had been attacked by native Indonesians, including one incident in which their attackers stabbed Koesmo and attempted to rape Tjahjadi. Koesmo further testified that this attack occurred on account of their Chinese ethnicity. The IJ made no adverse credibility finding and appeared to accept Koesmo's testimony as to this incident as true. The IJ found this incident "quite unfortunate" and "traumatic," and noted that Petitioners were "lucky that the wife in fact was not raped and that the respondent was not in fact more seriously wounded or killed," but failed to explain why this serious incident did not amount to past persecution. The BIA also dismissed this attack as an "isolated incident." However, even one incident if it

constitutes past persecution gives rise to the rebuttable presumption of future persecution. *See* 8 C.F.R. § 208.16(b)(1)(i). Thus, the IJ's and BIA's failure to consider whether Petitioners suffer past persecution frustrates appellate review. *See Beskovic v. Gonzales,* 467 F.3d 223, 227 (2d Cir.2006) ("Whether or not [petitioner] is entitled to a presumption of future persecution requires a determination, based on the correct legal standard, of whether he suffered past persecution. Because we cannot determine whether the IJ correctly assessed [petitioner's] claim of past persecution, we are stymied.").

If Petitioners have demonstrated past persecution, then the burden shifts to the government to prove that there has been a fundamental change in circumstances such that the applicant's life or freedom would not be threatened, or the applicant could avoid a future threat to his or her life or freedom by relocating to another part of the country of removal. 8 C.F.R. § 1208.16(b)(1)(i)(A), (B). Because it failed to properly analyze whether Petitioners had demonstrated past persecution, we cannot determine whether the IJ additionally erred when it failed to shift this burden to the government. *See Makadji v. Gonzales,* 470 F.3d 450, 458 (2d Cir.2006) ("The agency's denial of Makadji's claim for withholding of removal was also in error, because the IJ did not shift the burden of proof to the government with respect to likelihood of persecution in Mauritania upon Makadji's showing of past persecution.").

For the foregoing reasons, the petition for review is DISMISSED in part and GRANTED in part, the BIA's October 31, 2005 order is VACATED in part, and the case is REMANDED for further proceed-

---

1. Petitioners did not seek relief under the Convention Against Torture before the IJ.

ings. Petitioners' pending motion for a stay of removal is DENIED as moot.